IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MICHAEL MEYER, an Individual, and<br>MARCIE MEYER, an Individual, | ) <br> ) <br> ) | CASE NO. 8:16-CV-542 |
| Plaintiffs, | ) <br> ) <br> ) | **PROTECTIVE ORDER** |
| vs. | ) <br> ) | |
| CURRIE TECH CORP.,<br>a Delaware Corporation, and<br>ACCELL NORTH AMERICA, INC.,<br>a Delaware Corporation, | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

This matter is before the Court upon the Joint Motion for Protective Order. ([Filing No. 41](#).) Having considered the matter, the motion is granted.

Accordingly,

**IT IS ORDERED** that all information, including documents, photographs, and testimony produced and obtained during the course of discovery which the producing party claims constitutes or contains confidential or proprietary information (hereinafter referred to as "Confidential Information") and has therefore marked or otherwise designated as confidential in the manner set forth below, is subject to the following terms and conditions:

1. For purposes of this Agreement, "Confidential Information" means: (a) any policies of liability insurance covering Currie Tech Corp. Accell North America, Inc., and Accell Group N.V., and (b) any documents and/or correspondences containing trade secrets and/or proprietary information produced hereinafter that are designated as confidential by Currie Tech Corp. and Accell North America, Inc.

2. Confidential Information shall be designated as such pursuant to the following

conditions:

a. In the case of documents (including electronically stored information) produced in hard copy or electronically, by placing the word "Confidential" on each page designated confidential provided, however, Social Security numbers of non-party employees may be redacted prior to disclosing documents containing such information;

b. In the case of responses to written discovery, by inserting the word "Confidential" prior to each response containing Confidential Information; and

c. In the case of depositions, by either designating testimony as confidential on the record during the deposition or in correspondence sent to all parties within 30 days after receipt of the transcript of the deposition, provided, however, all depositions of the parties or their current or former employees shall be deemed to be Confidential Information until 30 days after receipt of the transcript of the deposition.

3. The protection granted by this Order shall encompass the documents in their entirety. Upon receiving the Confidential Information, counsel is responsible for abiding by the terms and conditions of this Protective Order.

4. Inadvertent failure to so designate prior to production as set out in paragraphs 2 "a"-"c" will not prevent a subsequent "Confidential" designation. Any use of such documents prior to actual notice of designation as "Confidential" shall not constitute a violation of this Order.

5. Counsel may be provided with a single copy of the Confidential Information, except as otherwise agreed between the parties' counsel. No copies are to be made, other than those necessary for counsel to use in accordance with this Protective Order, in preparation for the case and those incidental to incorporation into a Brief or other document or material to be filed with this Court.

6.  In the event that either party files with the Court any Confidential Information supporting a discovery Motion, dispositive Motion, or pre-trial Motion, counsel shall file such documents under seal pursuant to the Rules of this Court.

7.  Confidential Information shall only be disclosed or disseminated to, and used by, persons identified as "Qualified Persons" defined in paragraph 8 "a"-"e" for purposes of this litigation or any appeals taken therefrom, and shall not be used for any other purpose whatsoever.

8.  "Qualified Persons," as used herein, means:
    a.  To the parties, their claim administrators, and their counsel, including firm lawyers, firm paralegals, and firm support personnel who are working on this action with counsel, who shall collectively be bound by the terms of this Order;
    b.  To persons employed by counsel as vendors, consultants, or expert witnesses or consultants in this action, provided, however, no Confidential Information shall be provided to such persons until they have executed a written agreement not to disseminate, in the form attached hereto as Exhibit "A;"
    c.  To witnesses at trial or during depositions, provided, however, prior to providing Confidential Information to such persons, they shall be provided with a copy of this Order and asked to sign a written agreement not to disseminate, in the form attached hereto as Exhibit "A;"
    d.  To judges, Court personnel, and the jury in this action under seal; and
    e.  To certified court reporters acting as such.

9.  The written agreement not to disseminate entitled, "Non-Disclosure Agreement," attached to this Protective Order as Exhibit "A," is incorporated herein. All confidential documents filed shall be filed under seal pursuant to the rules of this Court, and nothing in this Protective Order shall prevent any party from seeking such additional or further protection as deemed necessary or appropriate to protect

documents or information subject to discovery herein.

10. Upon the completion of the trial and appeals, if any, in this action, or at the satisfaction of any judgment, or upon conclusion of any settlement, if any, Plaintiffs' counsel shall return Currie Tech Corp. and Accell North America, Inc., the documents designated as confidential and any and all copies, translations, prints, negatives, and summaries thereof, including any and all copies, translations, prints, negatives, and summaries in the possession of Plaintiff, her experts, and consultants. All attorneys for Plaintiffs shall further provide Currie Tech Corp. and Accell North America, Inc., or counsel for Currie Tech Corp. and Accell North America, Inc., in this action a letter stating that they and their employees have complied with the provisions of this Confidentiality Agreement and identifying each expert or consultant to whom they have given, shown, or otherwise divulged any of the Confidential Information. In addition to the Non-Disclosure Agreement, each such expert or consultant to whom such Confidential Information has been disclosed shall provide an Affidavit stating that full compliance has been had with respect to the provisions of the Protective Order.

11. At the conclusion of this case, including any appeals, all Confidential Information (and copies thereof) in the possession, custody, or control of the recipient party and the recipient party's attorneys must be (a) destroyed or (b) maintained in the possession, custody, or control of the recipient party's attorneys and withheld from all other persons, with the exception of non-party personnel files which shall be destroyed or returned to the producing party's attorney within 60 calendar days after a final decision on the merits in this civil case, including any appeals.

12. Nothing in this Order constitutes any decision by the Court concerning discovery disputes or the admission into evidence of any specific document or liability for payment of any cost of production or reproduction of documents, nor does the Order constitute a waiver by either counsel of any right to object to discovery or admission into evidence of any document or record subject to this Order.

13. All produced confidential materials remain the property of the producing party. The recipient shall appropriately safeguard confidential materials.

14. The obligations imposed by this Protective Order shall survive the termination of this action and any related actions.

Dated January 31, 2018.

                BY THE COURT:

                S/ Susan M. Bazis
                United States Magistrate Judge

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

The undersigned, having read the Protective Order issued by the Court in the above-captioned action, a copy of which is attached hereto, which protects the confidential information of the parties produced or obtained during discovery in said action, agrees to be bound as follows:

1. The undersigned agrees to be bound by the provisions of the Protective Order.

2. All confidential information disclosed to the undersigned pursuant to the Protective Order shall not be disclosed, disseminated, or published by the undersigned except as permitted in the Protective Order.

3. The undersigned agrees that he/she shall not acknowledge the existence of the confidential information to anyone for any reason at any time, except as permitted in the Protective Order.

4. The undersigned agrees that he/she shall take all appropriate and necessary precautions to avoid loss or inadvertent disclosure of the confidential information as designated under the Protective Order.

5. The undersigned agrees that, after his/her permitted use of the confidential materials and documents is completed, he/she shall return any and all confidential materials and documents received to the person or entity from which he/she received the confidential materials and documents.

6. The undersigned agrees the terms of this Non-Disclosure Agreement shall continue after return of the confidential materials and documents and shall survive the termination of the above-captioned matter and any related actions.

Dated this _____ day of _____, 2018.

_____
Recipient of Confidential Information

_____
Name (printed)

_____
Address

_____
Employer