# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCIE MEYER, an Individual; and MICHAEL MEYER, an Individual;<br><br>Plaintiffs,<br><br>vs.<br><br>CURRIE TECH CORP., a Delaware Corporation; and ACCELL NORTH AMERICA, INC., a Delaware Corporation;<br><br>Defendants. | 8:16CV542<br><br>**ORDER AND SECOND AMENDED PROGRESSION ORDER** |

This matter is before the Court on Defendant Currie Tech Corp.'s Motion to Extend Deadlines, Continue the Trial Date, and Leave to Amend Answer. (Filing No. 71.) The motion will be granted, in part.

## DISCUSSION

Defendant Currie Tech Corp. ("Defendant") requests that the Court modify certain case progression deadlines and that the trial, which is currently scheduled for January 14, 2019, be continued for 90 days. Plaintiffs agree that certain deadlines need to be adjusted, but oppose the lengthy extension sought by Defendant.

Having considered the matter, the Court will modify the case progression deadlines as follows:

1. All depositions shall be completed by October 15, 2018.

2. Motions for summary judgment shall be filed by November 1, 2018.

3. *Daubert* motions shall be filed by November 1, 2018.

4. All other motions in limine shall be filed by February 6, 2019.

5. Nonexpert witnesses shall be identified by January 16, 2019.

6. Trial exhibits shall be disclosed by January 16, 2019.

7. The **Final Pretrial Conference** with the assigned magistrate judge is set for **February 13, 2019, at 11:00 a.m.** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[1] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

8. **An eight (8) day jury trial** is set to commence, at the Court's call, during the week of **March 11, 2019**, in **Omaha**, Nebraska, before the **Honorable Robert F. Rossiter, Jr.**, United States District Court. Unless otherwise ordered, jury selection shall be at the commencement of trial.

Defendant further requests that it be granted leave to amend its Answer to include additional affirmative defenses. Under Federal Rule of Civil Procedure 15, the Court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15.

---

[1] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. *See* NECivR 5.3.

Nevertheless, a party does not have an absolute right to amend and "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

The Court will deny Defendant's request to amend its Answer. As an initial matter, Defendant failed to follow this Court's local rules in seeking leave to amend. In particular, Defendant did not submit a copy of its proposed amended pleading with its motion. *See* NECivR 15.1. Moreover, the Court finds that allowing amendment at this time would be improper as the motion was not timely filed and would unfairly prejudice Plaintiffs. This action has been pending since December, 2016, and the deadline to amend pleadings was June 9, 2017. Defendant suggests that information obtained through expert discovery necessitates amendment at this late hour. However, it is unclear what information Defendant is referring to because Defendant did not file a brief with its motion. Also, although it appears that Defendant has been in possession of expert reports since May, 2018, Defendant waited until August 17, 2018 to seek leave to amend. Plaintiffs would be prejudiced by the addition of new defenses at this late stage in the litigation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Extend Deadlines, Continue the Trial Date, and Leave to Amend Answer (Filing No. 71) is granted, in part, as set out above.

Dated this 5th day of September, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge