IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL MEYER, An Individual, and ) <br> MARCIE MEYER, An Individual, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CURRIE TECH CORP., A Delaware ) <br> Corporation, and ACCELL NORTH ) <br> AMERICA, INC., A Delaware Corporation, ) <br> ) <br> Defendants. ) | Case No. 8:16-CV-542 |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE FOR LIMITED DEPOSITION OF A PREVIOUSLY DEPOSED WITNESS (MITCH ROBB) AND A LIMITED SUPPLEMENTAL RULE 30(b)(6) DEPOSITION**

Plaintiffs seek leave of the Court to permit a limited second deposition of Mitch Robb, Manager of Product Development for the Currie Tech Kit 3, and a limited 30(b)(6) deposition on the narrow issue of the make and model of approximately five bicycles which were the only bicycles fitted with the Currie Tech Kit 3 for safety testing. These two proposed depositions relate to new information disclosed during the recent testimony of Currie Tech's expert, George Wandling, who was deposed on October 2, 2018[1] and Larry Pizzi, the President of Currie Tech and Tracy Spinella who were both deposed on September 11, 2018.[2] Each of the two depositions for which leave is sought are expected to take less than one hour each and can be done by video

---

[1] The transcript of Dr. Wandling's deposition has not yet been received.
[2] The transcript of the previous Rule 30(b)(6) deposition is attached as an exhibit to the Declaration of William Kvas.

conference. Because Defendants oppose the depositions and the Court has ordered all depositions to be completed by October 15, 2018, this motion follows.

Plaintiffs' claim involves certain defects in the Electric Kit 3 manufactured and sold by Defendants. Mitch Robb, Manager of the Product Development for the Currie Tech Kit 3, authored the Installation Guide for the product. (Robb, p. 14, 33.) Defendants' Expert, George Wandling, interpreted the Guide to require the installer to perform additional measurements. Wandling testified that had Plaintiff Michael Meyer performed that measurement, he would not have installed the Kit 3 on the bicycle. The Installation Guide, however, does not direct such a measurement, nor do the drawings or photos in the Guide indicate such a measurement. Dr. Wandling stated that such a measurement was "common sense" or words to that effect. (Declaration of William Kvas, ¶ 7, Installation Guide.) This interpretation of a requirement not contained in the Guide can only be clarified by the author of the document, Mitch Robb, concerning the basis and foundation for the measurements contained in the Guide.[3]

Dr. Wandling also took issue with Plaintiff Michael Meyer's opening of the dropout to allow it to accommodate the Curie Tech Kit 3 hub. The Guide directs the user: ". . . you may need to file away paint from the inside surface of the dropout to obtain a perfect fit." (Declaration of William Kvas, ¶ 7, Installation Guide, p. 4.) Dr. Wandling's criticism of Plaintiff Michael Meyer's widening of the dropout is not consistent with the language in the Guide which acknowledges that a perfect fit may require widening of the dropout opening. To resolve this conflict, Plaintiffs want to depose Mitch Robb concerning the basis, foundation, and reasons for

---

[3] Dr. Wandlings' report lists the documents which he reviewed which were provided by the lawyers for Currie Tech, his testimony did not disclose that he ever spoke with Mitch Robb or other employee at Currie Tech for additional information or clarification of his interpretation of the Installation Guide.

2

advising the installer that it may be necessary to file away paint from the inside surface of the dropout.

Likewise, recent testimony of Currie Tech employees – Larry Pizzi (President, Currie Tech) and Tracy Spinella[4], provided new information concerning safety tests of certain bicycles fitted with the Currie Tech Kit 3. It appears that the only testing performed on fitted bicycles was performed by Mitch Robb. Robb testified that he tested the Kit 3 on approximately five bicycles purchased from Walmart on which the Currie Tech Kit 3 was installed. (Declaration of William Kvas, ¶ 6, Robb, p. 95-96, 29.) Plaintiffs then requested to inspect the any bicycles which Robb had fitted with the Kit 3. On July 9, 2018, Currie Tech responded: ". . . the bicycles on which Defendants performed fitment testing of the Currie Tech Electro-Drive Kit 3. . . were discarded when Defendant Currie Tech moved to its current facility. . ." (Declaration of William Kvas, ¶ 9.)

During a Rule 30(b)(6) deposition on September 11, 2018, Pizzi testified that all of the bicycles which were fitted and tested with the Currie Tech kit 3 were "disposed of" when Currie Tech relocated a new operations site. For the first time, Plaintiffs learned that records might exist concerning the expense reports for the purchase of the bicycles which were tested. (Declaration of William Kvas, ¶5, Currie Tech Rule 30(b)(6) deposition – Pizzi, p. 45-46, 42-43.) Pizzi testified that he was unaware of how the bicycles were "disposed" of, but that others within Currie Tech may have that knowledge. (*Ibid.* 46-48.) Plaintiffs seek a deposition of the person with most knowledge, limited to expense reports reflecting identity of the bicycle purchased by Currie Tech, invoices for the bicycles, and any other documents which evidence the make, model, and product identification information (including SKEW number) for the only five bicycles fitted for safety testing by Defendant Currie Tech on its Kit 3.

---

[4] Both Pizzi and Spinella were designated by Currie Tech to testify pursuant to Fed. R. Civ. P. 30(b)(6).

3

The Supplemental Rule 30(b)(6) deposition would also inquire on any information concerning the disposition of the bicycles, and who took possession of the bicycles from Currie Tech. This information is necessary to determine the modification of the fork drop outs of the Walmart bicycles to accommodate the over-sized Currie Tech kit 3 axel. Given Dr. Wandling's criticism of Plaintiff Michael Meyer's widening of the dropouts, identification of the make and model of the bicycles purchased by Robb for testing is highly relevant. It would permit Plaintiff's experts to determine whether and to what extent Currie Tech was also required to widen the dropouts of the bicycles it purchased for testing just as Plaintiff did. A copy of the proposed Supplemental Rule 30(b)(6) notice is attached as exhibit "G".

Defendants previously requested, and the Court granted, a 60-day continuance from the previous trial setting. The continuance was premised on the number of experts which both parties had to depose before *Daubert* and summary judgment motions could be filed. Plaintiffs have accommodated by arranging for 7 of Plaintiffs' witnesses to be deposed – including Plaintiffs three liability experts in Florida and South Carolina. Plaintiff recently deposed Defendants two liability expert witnesses. All nine depositions were completed in the last 45 days. Plaintiffs' present motion does not touch on any issues which would impact the parties' ability to file and respond to respective summary judgment motions or *Daubert* motions, so no other modifications of the scheduling order is necessary.

WHEREFORE, the Plaintiffs pray for leave to permit a second deposition of Mitch Robb a Supplemental Rule 30(b)(6) of Currie Tech consistent with the areas of inquiry identified in the Proposed Notice of Deposition included as an exhibit to the Declaration of William Kvas.

Respectfully submitted,

4

HUNEGS, LeNEAVE & KVAS, P.A.

s/William Kvas
William Kvas, #24930
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, MN 55391
Tel: (612) 339-4511
Fax: (612) 339-5150
wkvas@hlklaw.com

and

Richard J. Dinsmore, #11019
Jayson D. Nelson, #22111
6035 Binney Street
Omaha, NE 68104
Tel: (402) 341-2020
Fax; (402) 341-1851
jnelson@hlklaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of October, he electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the counsel below.

    Stephen G. Olson
    Gregory F. Schreiber
    Kristina J. Kamler
    Engles, Ketcham, Olson & Keith, P.C.
    1350 Woodmen Tower
    1700 Farnam Street
    Omaha, NE 68102

                                                            s/William Kvas