IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCIE MEYER, an Individual; and MICHAEL MEYER, an Individual;<br><br>Plaintiffs,<br><br>vs.<br><br>CURRIE TECH CORP., a Delaware Corporation; and ACCELL NORTH AMERICA, INC., a Delaware Corporation;<br><br>Defendants. | 8:16CV542<br><br>**ORDER** |

Plaintiffs filed a Motion for Leave for Limited Deposition of Previously Deposed Witness & Limited Rule 30(b)(6) Deposition. ([Filing No. 96](#).) Plaintiffs seek leave to conduct a second, limited deposition of Mitch Robb ("Robb"), who is Defendant Currie Tech, Corp.'s ("Defendant") Manager of Product Development. Plaintiffs also request leave for a supplemental Rule 30(b)(6) deposition. Plaintiffs assert that these two depositions relate to new information obtained during the recent depositions of Defendant's expert witness, George Wandling ("Wandling"), Defendant's President, Larry Pizzi ("Pizzi"), and Tracy Spinella.[1] Plaintiffs contend that each of the depositions would take less than an hour and could be conducted by video conference.

This action involves allegations that an electronic bike conversion kit sold by Defendant was defectively designed and manufactured. Robb authored the Installation Guide for the conversion kit. Plaintiffs contend that Wandling interpreted the Installation Guide to require the installer to perform additional measurements. Plaintiffs represent that Wandling testified in his deposition that if Plaintiff Michael Meyer had performed those measurements, he would not have installed the kit on his bike. Plaintiffs argue that because the Installation Guide does not expressly require such measurements, they need to question Robb concerning the basis and foundation for the measurements contained in the Guide.

---

[1] Wandling was deposed on October 2, 2018. Pizzi and Spinella were deposed on September 11, 2018.

Plaintiffs claim that Wandling also criticized Plaintiff Michael Meyer's widening of a "dropout" to allow it to accommodate the conversion kit. Plaintiffs argue that this criticism is inconsistent with the language of the Guide, which states that "you may need to file away the paint from the inside surface of the dropout to get a perfect fit." To resolve this conflict, Plaintiffs want to depose Robb regarding the basis, foundation, and reasons for advising the installer that it may be necessary to file paint away from the inside surface of the dropout.

Plaintiffs assert that a supplemental Rule 30(b)(6) deposition is necessary because Pizzi and Spinella provided new information concerning safety tests performed on certain bikes fitted with the conversion kit. Plaintiffs contend that in earlier discovery, they were advised that bikes on which testing was performed had been discarded. Plaintiffs claim that during the depositions, they learned that records might exist which could help identify the make, model, and product identification information for those bikes, and that other individuals may have information about the disposition of the bikes.

Given the new information obtained by Plaintiffs during the depositions, the Court will permit Plaintiffs to take the supplemental depositions as requested. The depositions will not unduly prejudice Defendant as the Court will require that the depositions be completed by video conference and limited in duration to one hour each.

**IT IS ORDERED** that Plaintiffs' Motion for Leave for Limited Deposition of a Previously Deposed Witness and a Limited Rule 30(b)(6) Deposition ([Filing No. 96](Filing No. 96)) is granted. Plaintiffs may re-depose Mitch Robb and perform a supplemental Rule 30(b)(6) deposition as provided in Plaintiffs' Notice of Videotaped Deposition ([Filing No. 98-7](Filing No. 98-7)). The depositions shall be completed by video conference and limited to one hour each.

Dated this 6th day of December, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge