# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCIE MEYER and MICHAEL MEYER,<br><br>                Plaintiffs,<br><br>     v.<br><br>CURRIE TECH CORP. and ACCELL NORTH AMERICA, INC.,<br><br>                Defendants. | **8:16CV542**<br><br>**ORDER** |

This matter is before the Court on the parties' Joint Motion for the Production of Supplemental Juror Questionnaires (Filing No. 172). The parties have also attached (Filing No. 172-1) a proposed Supplemental Juror Questionnaire ("proposed SJQ"). Upon careful review, the joint motion is denied.

Questions 1 through 10 and 13 in the proposed SJQ are questions already contained in the supplemental questionnaire sent to prospective jurors by the Clerk's Office.

Questions 12, 15, 16, 17, 18, 19, 20, 22 and 23 of the proposed SJQ seek information which the Court will, in whole or in part, ask of the jury panel during its general voir-dire examination.

Questions 14, 21, 24, 26, 27, 28 and 29 of the proposed SJQ will be left to the parties in conducting their individual voir-dire examination.

Because the parties agree this matter is "complex and the disputed value of the case is high," the Court will allow voir dire by plaintiffs as a group and defendants as a group in the amount of forty minutes per side.[1]

IT IS SO ORDERED.

Dated this 12th day of February 2019.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
United States District Judge

---

[1] As noted in the attached notice regarding the Court's practices in civil jury trials, the Court's usual practice is to allow only thirty minutes per side for voir dire. These practices will be sent to the parties approximately ten days before trial and will include a draft of the Court's anticipated voir-dire examination questions.

# CIVIL JURY TRIALS BEFORE JUDGE ROSSITER

Trial hours: Trial hours will usually be from 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to 4:30 p.m. with fifteen (15) minute breaks in morning and afternoon.

Placement of counsel at counsel tables: Plaintiff's counsel shall utilize the tables closest to the jury box and the defendant's counsel shall utilize the tables farthest from the jury box.

Questioning: Counsel should generally question from the podium, unless the Court otherwise directs. Counsel should always refer to and address witnesses and parties by their surnames absent prior permission from the Court.

Table microphone: Microphones are placed on each podium, and table microphones are placed on each counsel table. The microphones should be pulled directly in front of and approximately six inches away from counsel. Use these microphones for questioning and making objections. Note that the microphones can be muted for client conferences by pushing the button on the base of the microphone.

Courtroom audio: Be aware that when you speak in the courtroom during trial ***and during breaks*** it is broadcast to Judge Rossiter's chambers.

Number of jurors: Judge Rossiter generally uses a twelve-person jury in a civil case, unless counsel agrees to fewer. No alternate juror(s) will be utilized. *See also* NECivR 48.1.

Jury selection: The Court will conduct a limited examination of the jury panel. *See* NECivR 47.1(a). Attached is a sample of voir dire questions often asked by the Court. Generally, counsel are also given twenty (20) minutes per party to conduct voir dire. *Id.* The Courtroom Deputy will monitor time and will provide notice of the expiration of such time and, if requested, will provide notice when five (5) minutes is left.

Opening statements: Generally, counsel are allotted up to thirty (30) minutes for opening statements. The Courtroom Deputy will monitor time and will provide notice of the expiration of such time and, if requested, will provide notice when five (5) minutes is left.

Preliminary jury instructions: The Court reads to the jury a standard set of preliminary jury instructions after voir dire and before opening statements.

Closing argument: Generally, counsel are allotted thirty (30) minutes a party for closing argument. Plaintiff may reserve up to fifteen (15) minutes for rebuttal, but it must be true rebuttal and should not raise new issues or points of argument not addressed in plaintiff's

first argument. The Courtroom Deputy will monitor time and will provide notice of the expiration of such time, and if requested, can provide notice when five (5) minutes is left.

Trial Briefs: *See* Order Setting Final Progression of Case ("Final Progression Order") and NECivR 39.2.

Final jury instructions: Final substantive jury instructions are given after closing arguments. *See* Final Progression Order and NECivR 51.1 for submission of proposed instructions.

Objections: Judge Rossiter does not allow speaking objections. For objections based upon lack of foundation, objecting counsel should state what foundation is lacking. If counsel desires a bench conference, state your request and allow time for the court reporter to set up her equipment at sidebar. Bench conferences should be kept to a minimum.

Witnesses: *See* Final Progression Order and NECivR 16.2(a)(2)(D).

Exhibits: *See* Final Progression Order and NECivR 39.3.

Evidence presentation: Unless good cause exists, counsel shall use the courtroom multimedia systems, including the video presenter, and their own laptops for displaying exhibits on the jury monitors. Counsel are also encouraged to become familiar with the equipment prior to trial by contacting the Courtroom Deputy for training. The Courtroom Deputy will generally control any electronic publishing of exhibits to the jury from the bench, upon Judge Rossiter's instruction.

Use of Depositions: *See* Final Progression Order.

Jury matters following submission: Counsel shall be available for return to the courtroom on short notice, until after the jury has returned its verdict. Counsel shall keep the Courtroom Deputy advised of where they can be reached at all times. Jury questions will normally be taken up on the record in the courtroom with counsel and the parties present.

No recross examination: Judge Rossiter will not normally permit recross examination. Cross examination should be limited to the scope of the direct examination, and redirect examination limited to the scope of the cross examination.

Juror note taking/juror questions: Judge Rossiter allows jurors to take notes. Judge Rossiter does not permit jurors to ask or submit questions during trial.