IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MARCIE MEYER and MICHAEL MEYER,

    Plaintiffs,

v.

CURRIE TECH CORP. and ACCELL NORTH AMERICA, INC.,

    Defendants.

8:16CV542

MEMORANDUM AND ORDER

    This matter is before the Court on (1) thirty-five motions in limine (Filing Nos. 154 through 167) filed by defendants Currie Tech Corp. and Accell North America, Inc. ("defendants") and (2) nine motions in limine (Filing No. 168) filed by plaintiffs Marcie Meyer and Michael Meyer (the "Meyers").[1] These motions are now fully briefed and ready for the Court's determination. The Court has reviewed all the materials submitted by the parties in this matter and rules as follows:

    A.    Defendants' Motions in Limine.

        1.    Defendants' Motion in Limine 1 (Filing No. 154) is granted.

        2.    Defendants' Motion in Limine 2 (Filing No. 154) is granted.

        3.    Defendants' Motion in Limine 3 (Filing No. 154) is granted.

        4.    Defendants' Motion in Limine 4 (Filing No. 154) is granted as to any per diem arguments and otherwise reserved for trial.

        5.    Defendants' Motion in Limine 5 (Filing No. 154) is granted.

        6.    Defendants' Motion in Limine 6 (Filing No. 154) is reserved for trial.

        7.    Defendants' Motion in Limine 7 (Filing No. 154) is reserved for trial.

        8.    Defendants' Motion in Limine 8 (Filing No. 154) is granted.

        9.    Defendants' Motion in Limine 9 (Filing No. 154) is granted.

        10.    Defendants' Motion in Limine 10 (Filing No. 154) is granted. The Court notes that the parties may briefly reference the location of law firms in voir

---

[1] Counsel are reminded that Nebraska Civil Rule 7.1(a)(1)(A) requires that a motion that raises a substantial issue of law be supported by a separate brief.

dire examination to determine if a potential juror is aware of or did business with any of the law firms or attorneys involved.

11. Defendants' Motion in Limine 11 (Filing No. 154) is granted.

12. Defendants' Motion in Limine 12 (Filing No. 154) is reserved for trial but may be subject to plaintiff's establishing some duty to keep records.

13. Defendants' Motion in Limine 13 (Filing No. 154) is granted.

14. Defendants' Motion in Limine 14 (Filing No. 154) is reserved for trial. The Court cautions plaintiff however that arguments or statements which appear to be designed to engender passion or prejudice will not be allowed. Moreover, recklessness is not an issue before the Court.

15. Defendants' Motion in Limine 15 (Filing No. 154) is granted unless truly for the purpose of impeachment.

16. Defendants' Motion in Limine 16 (Filing No. 154) is granted.

17. Defendants' Motion in Limine 17 (Filing No. 154) is reserved for trial.

18. Defendants' Motion in Limine 18 (Filing No. 154) is granted.

19. Defendants' Motion in Limine 19 (Filing No. 154) is granted.

20. Defendants' Motion in Limine 20 (Filing No. 154) is granted in part. Counsel can ask in voir dire about a juror's thoughts about verdict levels. Counsel may not seek to exact any type of "pledge" or other promise from the jury.

21. Defendants' Motion in Limine 21 (Filing No. 154) is granted.

22. Defendants' Motion in Limine 22 (Filing No. 154) is reserved for trial.

23. Defendants' Motion in Limine 23 (Filing No. 155) is granted.

24. Defendants' Motion in Limine 24 (Filing No. 156) is granted.

25. Defendants' Motion in Limine 25 (Filing No. 157) is granted in part. Counsel may discuss the location of certain companies for purposes of background but may not refer to such companies by their location, or otherwise use such information to engender prejudice or sympathy.

26. Defendants' Motion in Limine 26 (Filing No. 158) is granted insofar as to any statement or question seeking to impose a non-existent standard of care.

27. Defendants' Motion in Limine 27 (Filing No. 159) is reserved for trial. However, the Court expresses hesitation as to the relevance of such manuals and is concerned about unfair prejudice, undue delay, and confusing and misleading the jury.

28. Defendants' Motion in Limine 28 (Filing No. 160) is reserved for trial. However, the Court expresses hesitation as to the relevance of such patents and is concerned about unfair prejudice, undue delay, and confusing and misleading the jury.

29. Defendants' Motion in Limine 29 (Filing No. 161) is reserved for trial.

30. Defendants' Motion in Limine 30 (Filing No. 162) is reserved for trial.

31. Defendants' Motion in Limine 31 (Filing No. 163) is granted.

32. Defendants' Motion in Limine 32 (Filing No. 164) is reserved for trial.

33. Defendants' Motion in Limine 33 (Filing No. 165) is reserved for trial. The Court again questions the relevance of such information and is concerned about unfair prejudice, undue delay, and confusing and misleading the jury.

34. Defendants' Motion in Limine 34 (Filing No. 166) is granted.

35. Defendants' Motion in Limine 35 (Filing No. 167) is reserved for trial, but subject to and in accordance with the Court's prior rulings (Filing No. 135) on the defendants' Daubert Motion (Filing No. 108).

B. The Meyers's Motions in Limine (Filing No. 168).

1. Plaintiffs' Motion in Limine 1 is reserved for trial, but subject to the Court's previous ruling that defendant is estopped from denying that it is a manufacturer.

2. Plaintiffs' Motion in Limine 2 is granted as to the strict-liability claim.

3. Plaintiffs' Motion in Limine 3 is reserved for trial.

4. Plaintiffs' Motion in Limine 4 is reserved for trial.

5. Plaintiffs' Motion in Limine 5 is denied.

6. Plaintiffs' Motion in Limine 6 is reserved for trial.

7. Plaintiffs' Motion in Limine 7 is granted.

8. Plaintiffs' Motion in Limine 8 is reserved for trial.

9. Plaintiffs' Motion in Limine 9 is reserved for trial, however, any such evidence must be supported by medical or other expert testimony regarding the effect of tobacco use on life expectancy.

IT IS SO ORDERED.

Dated this 28th day of February 2019.

BY THE COURT:

*Robert F. Rossiter, Jr.*
Robert F. Rossiter, Jr.
United States District Judge